UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Cocoa Expo Sports Center, LLC,

       Taxpayer ID No. 27-4509245,

          Debtor.
_____/

Chapter 11
Case No.: 6:17-bk-00441-RAC

**APPLICATION TO RETAIN ATTORNEYS PURSUANT
TO 11 U.S.C. §327, AND VERIFIED STATEMENT OF PROPOSED
ATTORNEYS AND DISCLOSURE OF COMPENSATION PURSUANT
TO 11 U.S.C. §§328(a), 329(a), AND F.R.B.P. 2014 AND 2016(b)**

Debtor, Cocoa Expo Sports Center, LLC applies for an order authorizing the employment of David R. McFarlin ("DRM") and Fisher Rushmer, P.A. ("PA") as attorneys (the "Attorneys") for the debtor-in-possession.

A.     **BACKGROUND**

1.     <u>Chapter 11 Case</u>. On January 23, 2017, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.     <u>Business of Debtor</u>. Debtor is a Florida limited liability company formed in 2011. Debtor owns a sports complex located at 500 Friday Road, Cocoa, FL 32926 (the "Sports Complex"). The Sports Complex consists of over 50 acres. The Sports Complex is operated by Cocoa Expo Sports Center Tenant, LLC, an affiliate of Debtor. Revenue for calendar year 2016 was approximately $637,652.

3.     <u>Qualifications</u>. The Attorneys have been selected because they (a) have considerable experience in matters of this nature, (b) are well-qualified to represent the debtor-in-possession; and (c) have previously represented Debtor's affiliate in a Chapter 11 case.

4.     <u>Services</u>. The professional services that the Attorneys are to render include:

      a.     advise and counsel the debtor-in-possession concerning the operation of its business in compliance with Chapter 11 and orders of this Court;

      b.     defend and prosecute causes of action on behalf of the debtor-in-possession;

      c.     prepare, on behalf of the debtor-in-possession, all necessary applications, motions, reports, and other legal papers in the Chapter 11 case;

      d.     assist in the formulation of a plan of reorganization and preparation of a disclosure statement; and

      e.     provide all services of a legal nature in the field of bankruptcy law.

5.     <u>Compensation</u>.  Debtor has agreed to the proposed arrangement for compensation as set forth in the verified statement and disclosure of compensation below.

6.     <u>Disinterested</u>.  To the best of Debtor's knowledge, the Attorneys:

      a.     have no connection with Debtor, creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except DRM, while employed with Wolff, Hill, McFarlin & Herron, PA, served as legal counsel for the following affiliate of Debtor in a Chapter 11 case filed in this Court: Breezy Palms I, LLC, case no. 6:14-bk-07313-CCJ;

      b.     do not hold or represent any interest adverse to the estate; and

      c.     are disinterested persons.

THEREFORE, Debtor requests the Court to authorize employment of the Attorneys as legal counsel for the debtor-in-possession.

Cocoa Expo Sports Center, LLC

By: _____
     Jeffrey C. Unnerstall, Managing Member

2

**B.**     **VERIFIED STATEMENT OF PROPOSED ATTORNEYS AND DISCLOSURE OF COMPENSATION**

David. R. McFarlin ("DRM") submits the following statement pursuant to 11 U.S.C. §§ 328(a) and 329(a) and F.R.B.P. 2014 and 2016 and says:

1.     <u>Fisher Rushmer, P.A.</u>  Fisher Rushmer, P.A. ("PA") is a Florida professional association, formed in 1984, engaged in the practice of law.  PA employs approximately 20 attorneys.  In addition to the business reorganization practice of the undersigned, areas of legal practice include: personal injury, wrongful death, employment law, commercial and business litigation, construction law, family law, real estate, professional liability, medical malpractice/healthcare, general civil litigation, insurance and bad faith, appellate law, and mediation/arbitration.

2.     <u>Qualifications</u>.  I am: (a) an attorney-employee of PA; (b) admitted to practice law in the State of Florida since 1981; (c) admitted to practice law before this Court; (d) certified in business bankruptcy law by the American Board of Bankruptcy Certification; (e) member of Board of Directors of American Board of Certification; (f) former chairperson of the Bankruptcy Committee of the Orange County Bar Association; and (g) former director of the Central Florida Bankruptcy Law Association.

3.     <u>Compensation</u>.  After one year before the date of the filing of the petition, the Debtor has paid or agreed to pay compensation to PA for services rendered or to be rendered by PA in connection with this case as follows:

a.     Reasonable compensation for actual necessary services rendered by PA, based on the nature, the extent and the value of such services, the time spent on such services, and the cost of comparable services other than in the case under 11 U.S.C. §101 et seq.;

b.     Reimbursement for actual, necessary expenses;

3

c.      $4,032.60 was paid for legal services and costs provided prior to the petition date; and

d.      $27,684.40 was paid as a retainer, which PA will hold in trust for payment of post-bankruptcy fees and costs.

4.      <u>Source</u>.  The source of the retainer and payments for legal services prior to the petition date is: (i) $6,717.00 from Debtor; and (ii) $25,000.00 from Unnerstall Contracting Co LLC.

5.      <u>Sharing</u>.  PA has not agreed to share the compensation with any other entity, other than with members or regular associates of PA.

6.      <u>Conflict Checks</u>.  For purposes of preparing this verified statement, using the names of the Debtor, secured creditors of the Debtor, and largest unsecured creditors of Debtor, I caused to be conducted a search of the electronic files of PA that are maintained for clients and conflicts of interest.  The PA client and adverse party conflict check index system is comprised of records regularly maintained in the course of business of PA, and it is the regular practice of PA to make and maintain these records.  The records reflect entries that are noted in the system by persons whose regular duties include recording and maintaining this information.  Debtor has numerous unsecured creditors with claims not significant to the financial affairs of Debtor that were not included in the search of electronic records.  Therefore, PA cannot state with certainty that PA has never represented any existing creditor of the Debtor.

7.      <u>Disinterested</u>.  Based on the above referenced conflict check, and except as set forth in this statement, neither PA nor any of its attorneys:

a.      have represented the Debtor, other than in connection with this case, except, at a time when DRM was employed as an attorney at Wolff, Hill, McFarlin & Herron,

4

P.A., DRM served as legal counsel for the following affiliate of Debtor in a Chapter 11 case filed in this Court: Breezy Palms I, LLC, case no. 6:14-bk-07313-CCJ;

      b.     holds a direct or indirect equity interest in the Debtor, including stock, stock warrants, a partnership interest in a debtor partnership or has a right to acquire such an interest;

      c.     is or has served as an officer, director, limited partner, general partner or employee of the Debtor within two years before the petition filing;

      d.     is in control of the Debtor or is a relative of an officer, director, general partner, limited partner or other person in control of the Debtor;

      e.     is or has served as an officer, director, or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within two years before the filing of the petition; has represented a financial advisor of the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within three years before the filing of the petition; presently represents a creditor, general partner, limited partner, lessor, lessee, party to an executory contract of the debtor, or person otherwise adverse or potentially adverse to the Debtor or estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate;

      f.     has previously represented a creditor, general partner, limited partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtor or the estate, on any matter substantially related to the bankruptcy case;

      g.     represents an insider of the Debtor or any affiliate of the Debtor;

      h.     has any other connection with the Debtor, creditors, or any other parties in interest, direct or indirect, or their respective attorneys and accountants, which may be affected

by the proposed representation; and

        i.      has any other interest, direct or indirect, which may be affected by the proposed representation.

        9.    <u>Verification</u>.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed on January 25, 2017.

                /s/ David R. McFarlin
                David R. McFarlin
                Florida Bar No. 328855
                Fisher Rushmer, P.A.
                390 N. Orange Avenue, Suite 2200
                Post Office Box 3753
                Orlando, FL 32801
                Telephone (407) 843-2111
                Facsimile (407) 422-1080
                dmcfarlin@fisherlawfirm.com
                Attorneys for Debtor and
                Debtor-in-Possession

## C.    <u>LEGAL AUTHORITY AND ARGUMENT</u>

        Bankruptcy Code § 327(a) provides in relevant part: ". . . the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the  trustee's duties under this title."

        Bankruptcy Rule 2014 provides:

        (a) APPLICATION FOR AND ORDER OF EMPLOYMENT. An order approving the employment of attorneys,…pursuant to §327, §1103, or §1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and,…a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional

6

services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

(b) SERVICES RENDERED BY MEMBER OR ASSOCIATE OF FIRM OF ATTORNEYS OR ACCOUNTANTS. If, under the Code and this rule, a law partnership or corporation is employed as an attorney, or an accounting partnership or corporation is employed as an accountant, or if a named attorney or accountant is employed, any partner, member, or regular associate of the partnership, corporation, or individual may act as attorney or accountant so employed, without further order of the court.

Debtor may select its own attorneys without interference from creditors. *In re Immmenhausen Corp.*, 159 B.R. 45, 47 (Bankr MD Fla. 1993). In only the rarest of circumstances will the court interfere with Debtor's selection of otherwise qualified attorneys. *In re Smith,* 507 F.3d 64, 69 (2d Cir 2007).

 The Attorneys are qualified to represent Debtor, do not hold or represent an interest adverse to the estate, and are disinterested persons.  Employment of the Attorneys is necessary to assist Debtor in performing duties under the Bankruptcy Code.

THEREFORE, Debtor requests the order of this Court approving employment of the Attorneys, retroactive to the Petition Date, and granting such further relief as may be appropriate.

**D.**     **CERTIFICATE OF SERVICE.**  I certify that a copy of this application was served on January 25, 2017: (i) on all "filing users" by filing with CM/ECF; and (ii) by first class United States mail, postage prepaid, to the non-filers of the Local Rule 1007-2 Parties in Interest List as listed on the mailing matrix attached to the original of this document filed with the Court.

 /s/ David R. McFarlin
David R. McFarlin
Florida Bar No. 328855
Fisher Rushmer, P.A.
390 N. Orange Avenue, Suite 2200
Post Office Box 3753
Orlando, FL 32801
Telephone (407) 843-2111
Facsimile (407) 422-1080
dmcfarlin@fisherlawfirm.com
Attorneys for Debtor and
Debtor-in-Possession

8