UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

Cocoa Expo Sports Center, LLC,

Chapter 11
Case No.: 6:17-bk-00441-RAC

    Taxpayer ID No. 27-4509245,

        Debtor.
_____/

**DEBTOR'S MOTION TO (I) CONDITIONALLY APPROVE DISCLOSURE STATEMENT; AND (II) COMBINE DISCLOSURE AND CONFIRMATION HEARING**

Debtor, Cocoa Expo Sports Center, LLC, requests the order of this Court: (i) conditionally approving disclosure statement; and (ii) combining disclosure and confirmation hearing.

**A.**    **Background.**

1.    <u>Chapter 11 Case</u>.  Debtor filed this Chapter 11 case on January 23, 2017 ("Petition Date").  Debtor is serving as debtor-in-possession.

2.    <u>Debtor and Business of Debtor</u>.  Debtor is a Florida limited liability company. Debtor's members are: (a) Jeffrey C. Unnerstall; and (b) Leonard Unnerstall.  Debtor owns a sports complex (the "Complex").  The Complex is a resort style sports complex located at 500 Friday Road, Cocoa, Florida.  The Complex is situated on over 50 acres of real property.  Events hosted at the Complex include: (i) baseball camps and tournaments; (ii) concerts; (iii) receptions; (iv) wrestling; and (v) expositions.  The initial phase of improvements at the Complex focused on baseball and includes: (i) stadium; (ii) 17 baseball fields; (iii) bull pens; (iv) indoor batting cages; and (v) 35,000 sq. ft. indoor training facility.  Future development of the Complex is expected to include facilities for basketball, volleyball and soccer.  Debtor's gross revenue for 2016 was $637,652.

2

3. <u>Creditors and Debts.</u>  Subject to defenses, counterclaims and offsets, Debtor estimates Claims against the Debtor in excess of $20 million, asserted by approximately 33 creditors.

4. <u>Plan and Disclosure Statement</u>.  Debtor filed a: (a) plan (Doc. No. 95) of reorganization; and (b) disclosure statement (Doc. No. 96).

**B.    Legal Authority.**

Bankruptcy Code § 1125 provides in relevant part:

> (b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets
>
> (f)…in a small business case-
>
>    (3) (B) acceptances and rejections of a plan may be solicited based on a conditionally approved disclosure statement if the debtor provides adequate information to each holder of a claim or interest that is solicited, but a conditionally approved disclosure statement shall be mailed not later than 25 days before the date of the hearing on the confirmation of the plan; and
>
>        (C) the hearing on the disclosure statement may be combined with the hearing on confirmation of a plan.

Bankruptcy Code § 101(51D), defines the term "small business debtor" to mean:

> (A) . . . a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition . . . in an amount not more than $2,566,050 . . . for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors . . . .

Debtor is not a "small business debtor" because claims against Debtor substantially exceed $2,566,050. Nevertheless, in all other respects, the business and financial affairs of Debtor are relatively simple. Debtor has a small number of creditors. All of the significant creditors are represented by attorneys that have actively participated in the bankruptcy case. Accordingly, all interested parties would be best served by a combined hearing to consider confirmation and disclosure.

THEREFORE, Debtor requests the order of this Court: (i) conditionally approving the disclosure statement; (ii) combining the hearing to consider the disclosure statement and confirmation of the plan; and (iii) granting such further relief as may be appropriate.

**C.** **Certificate of Service.** I certify that a copy of this motion has been served on May 17, 2017 on all "filing users" through the CM/ECF filing system.

/s/ David R. McFarlin
David R. McFarlin
Florida Bar No. 328855
Fisher Rushmer, P.A.
390 N. Orange Ave., Suite 2200
Post Office Box 3753
Orlando, FL 32802-3753
Telephone (407) 843-2111
Facsimile (407) 422-1080
dmcfarlin@fisherlawfirm.com
Attorneys for Debtor
and Debtor-in-Possession